1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACERS, INC.,<br><br>       Debtor.<br>———————————————<br>MIDWAY VENTURE, LLC.,<br><br>       Plaintiff,<br><br>v.<br><br>LESLIE T. GLADSTONE, Trustee,<br><br>       Defendant.<br>——————————————— | Civil No. 11-cv-1401-L(BGS)<br><br>Bankruptcy Case No. 09-12738-LA-11<br><br>Adversary Action No. 10-90527-LA<br><br>**ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE [DOC. 9]** |

Plaintiff Midway Venture, LLC. moves to withdraw the reference of the adversary action that it commenced in the bankruptcy court. Plaintiff asserts two causes of action in the operative second amended complaint ("SAC") in the adversary proceeding for (1) misrepresentation, and (2) implied equitable indemnity. Defendant Leslie T. Gladstone, Chapter 11 Trustee, opposes.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 13.) For the following reasons, the Court **GRANTS** Plaintiff's motion to withdraw the reference.

//

# I.    BACKGROUND

On August 27, 2009, Pacers, Inc. filed its Chapter 11 bankruptcy petition.  On March 19, 2010, the bankruptcy court appointed Defendant as the Chapter 11 Trustee.  At the time of Defendant's appointment, the bankruptcy estate's assets included the transferable assets of an adult entertainment business then doing business as "Larry Flynt's Hustler Club."  On April 29, 2010, Defendant moved to sell the assets of debtor's estate to Peter Z. Balov, Steven R. Bitter, and Plaintiff.  On June 8, 2010, the bankruptcy court entered an order granting Defendant's motion.

On November 1, 2010, Plaintiff commenced an adversary proceeding in the bankruptcy court against defendants LFP IP, LLC, LFP Publishing Group, LLC, Larry C. Flynt, Keith Campbell, and Defendant Leslie T. Gladstone.  In that complaint, Plaintiff asserted causes of action for (1) declaratory relief, (2) misrepresentation, (3) breach of implied covenant of good faith and fair dealing, and (4) implied equitable indemnity.  All the defendants have since been dismissed except for Gladstone.  On March 8, 2011, Plaintiff filed a first amended complaint ("FAC") against the Defendant asserting causes of action for misrepresentation and implied equitable indemnity.  On March 16, 2011, Plaintiff filed a SAC—which is the subject of this motion—alleging the same causes of action.

On April 18, 2011, Plaintiff filed a motion in the bankruptcy court to withdraw the reference of the adversary action and to remove the action to the district court.  Plaintiff contends that the Bankruptcy Court Clerk failed to forward the motion to the district court. (Pl.'s Mot. 11:26–28.)  The bankruptcy court subsequently denied Plaintiff's motion.

On August 11, 2011, Plaintiff filed this motion in this Court to withdraw the reference. The parties have fully briefed the motion.

//

//

//

//

//

## II.    ANALYSIS[1]

### A.    The Adversary Action Is a Non-Core Proceeding.

District courts have discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for that district. 28 U.S.C. § 157(a). "[B]ankruptcy courts may hear and enter final judgments in 'core proceedings' in a bankruptcy case." *Stern v. Marshall*, — U.S. —, 131 S. Ct. 2594, 2601–02 (2011).  In non-core proceedings—proceedings that are not core but are "otherwise related to a case under title 11," 28 U.S.C. § 157(c)(1)—"the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." *Stern*, 131 S. Ct. at 2601–02.

The District Court "may withdraw in whole or in part, any case proceeding referred, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right covered by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).  The party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn. *In re Larry's Apartment, LLC*, 210 B.R. 469, 472 (Bankr. D. Ariz. 1997).

In this case, Plaintiff moves to withdraw the reference of the adversary complaint based on the contention that the claims that it asserts are not core bankruptcy matters, but instead are based on alleged violations of state law.  Plaintiff argues that its causes of action for misrepresentation and implied equitable indemnity do not invoke a substantive right created by federal bankruptcy law and therefore, are non-core proceedings that should be heard in this

---

[1] As a preliminary matter, Defendant contends that Plaintiff "has failed to make a timely motion under 28 U.S.C. § 157(b)(3)." (Def.'s Opp'n 7:11–20.)  "A motion to withdraw is timely if it was made as promptly as possible in light of developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bros. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (internal quotation marks omitted).  Defendant fails to address whether Plaintiff's motion was filed as promptly as possible.  Accordingly, the Court rejects and finds no basis to her contention that Plaintiff's motion is untimely. *See id.*

11cv1401

1   Court.  (Pl.'s Mot. 4:4–6.)  In other words, like the *Stern* case, the state law claims at issue in this

2   action are "in no way derived from or dependent upon bankruptcy law."  *See Stern*, 131 S. Ct. at

3   2618.  In response, Defendant contends that Plaintiff's adversary action is a core proceeding

4   because Plaintiff conceded that it was a core proceeding in its initial complaint for damages and

5   again in its FAC.  (Def.'s Opp'n 2:6–7.)  The Court disagrees with Defendant.

6        Plaintiff's prior concessions have no bearing on this Court's determination.  Plaintiff's

7   causes of action relate to a sales transaction that merely involved bankruptcy proceedings, and

8   thus "is not a core proceeding but . . . is otherwise related to a case under title 11."  *See* 28

9   U.S.C. § 157(c)(1).  In addition, Plaintiff's alleged misrepresentation is an action at "common

10  law[,] . . . the very type of claim that . . . must be decided by an Article III court."  *Stern*, 131 S.

11  Ct. at 2616.  Therefore, the Court concludes that Plaintiff's adversary proceeding is a non-core

12  proceeding.

13

14        **B.    Plaintiff Is Entitled to a Jury Trial in the District Court.**

15        According to the Bankruptcy Code, "[i]f the right to a jury trial applies in a proceeding

16  that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct

17  the jury trial if specifically designated to exercise such jurisdiction and with the express consent

18  of all the parties."  28 U.S.C. § 157(e).  The Seventh Amendment guarantees the right to a jury

19  trial for the determination of legal, as opposed to equitable, rights and remedies.  *Feltner v.*

20  *Columbia Pictures Television, Inc.*, 523 U.S. 340, 347–48 (1998).  The right to a jury trial is a

21  fundamental constitutional right and, accordingly, should carry a presumption against waiver.

22  *See Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 394 (1937); *see also Beacon Theatres, Inc. v.*

23  *Westover*, 359 U.S. 500, 510 (1959) (wherever possible, the constitutional right to a jury trial

24  must be preserved).

25        Plaintiff argues that withdrawal to this Court is appropriate because of its right to a jury

26  trial and because withdrawing the reference now would promote judicial efficiency.  (Pl.'s Mot.

27  12:19–13:2, 13:14–21.)  It emphasizes that it did not consent to having the bankruptcy court

28  conduct a jury trial and enter a final judgment in the operative complaint before the Court.  (*Id.*

1    at 9:14–19.)  Furthermore, Plaintiff explains that withdrawing the reference now instead of

2    waiting until the bankruptcy court has made pretrial rulings would be more efficient because "it

3    is likely that the Bankruptcy Court's interlocutory rulings will ultimately end before this Court

4    and the jury trial will eventually be conducted by this Court." (*Id.* at 13:18–21.)

5          Citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), Defendant responds that

6    Plaintiff has no right to a jury trial because "once a party invokes the core jurisdiction of the

7    USBC by filing a proof of claim, that party has no Seventh Amendment right to a jury trial."

8    (Def.'s Opp'n at 8:20–21.)  She suggests that by filing a proof of claim, Plaintiff, the creditor,

9    has forsaken its right to adjudicate before a jury on issues that bear directly on the allowance of

10   that claim.  (*Id.* at 8:23–9:2.)  Defendant also emphasizes that Plaintiff "has voluntarily and

11   repeatedly submitted itself to the jurisdiction" of the bankruptcy court.  (*Id.* at 9:2–6.)

12         In *Granfinanciera*, the Supreme Court set forth a three-part test for determining whether a

13   party asserting a statutory cause of action is entitled to a jury trial under the Seventh Amendment

14   in the context of bankruptcy litigation.  492 U.S. at 42–43.  First, a court must "compare the

15   statutory action to 18th-century actions brought in the courts of England prior to the merger of

16   the courts of law and equity." *Id.* at 42.  Second, it must "examine the remedy sought and

17   determine whether it is legal or equitable in nature." *Id.*  "If, on balance, these two factors

18   indicate that a party is entitled to a jury trial under the Seventh Amendment," the third step is to

19   "determine whether Congress may assign and has assigned resolution of the relevant claim to a

20   non-Article III adjudicative body that does not use a jury as factfinder." *Id.*  Elaborating on this

21   last step, the court explained that Congress may assign resolution of a claim to a non-Article III

22   body that does not use a jury as a factfinder only if the claim is based on a public, rather than

23   private, right. *Id.* at 51.  That said, not every claim that arises from a bankruptcy proceeding

24   necessarily implicates a public right. *See id.* at 55–58.  A claim is a matter of public right only

25   when it arises part of the process of allowance and disallowance of claims. *Id.* at 58.

26         It is not likely that Plaintiff's claims fall within the purview of *Granfinanciera*.  First,

27   unlike the creditor in *Granfinanciera*, Plaintiff's claims of misrepresentation and implied

28   equitable indemnity are common law claims, not statutory claims.  Second, Plaintiff's claims do

11cv1401

not arise from the bankruptcy proceeding itself; they simply relate to the bankruptcy proceeding.

Even assuming that *Granfinanciera* applies, the outcome of its application favors a jury trial.  The remedy sought by Plaintiff is legal in nature.  Further, under *Stern*, the adversary proceeding is a non-core proceeding—it does not arise out of bankruptcy law—and therefore has not been assigned by Congress to be adjudicated by the Bankruptcy Court.  Moreover, even where the "resolution of a party's legal claims aris[e] from a bankruptcy proceeding," but will have only "a negligible impact on the claims-allowance process, the right to a jury trial is preserved."  *In re Crown Vantage, Inc.*, No. C 02-03836, 2002 WL 32872440, at *3 (N.D. Cal. Dec. 16, 2002).  Because Plaintiff did not waive its jury-trial right or otherwise consent to a jury trial in the bankruptcy court, and because Plaintiff's common-law claims do not arise out of bankruptcy law, the Court finds that Plaintiff is entitled to a jury trial in the district court.

### C.    The Factors Favor Withdrawal of the Reference.

Finally, the Court must still determine whether withdrawal of the reference is required, and, if not, whether it should exercise its discretion to do so at this moment.  "A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court."  *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).  "Instead . . . the bankruptcy court may retain jurisdiction over the action for pretrial matters."  *Id.*  Even where the presence of non-core claims and a jury demand dictate that the reference to the bankruptcy court ultimately may have to be withdrawn, a district court may exercise its discretion not to withdraw the reference immediately where, for example, the bankruptcy court already is familiar with the relevant facts and issues, and the issues triable by a jury are not yet ripe for trial.  *See, e.g., Barlow & Peek*, 163 B.R. at 179; *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993).

The Bankruptcy Code specifically provides that a bankruptcy court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to *de novo* review, in a proceeding "that is not a core proceeding."  28 U.S.C. § 157(c)(1).  Thus, the Court may decline to withdraw the reference and require the bankruptcy court to provide proposed findings

11cv1401

of fact and conclusions of law.  In the Ninth Circuit, the court must consider five factors to determine whether it should exercise its discretion and withdraw the reference: (1) efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors.  *Sec. Farms*, 124 F.3d at 1008.

Here, the most efficient use of judicial resources supports withdrawal of the reference. The Court is able to consider the factual and legal basis for the adversary action, which is based on determinations of state-law causes of action, without unreasonable delay or costs.  Because this type of action has been considered frequently in the district court, the results of the adversary litigation would likely be consistent with similar cases.  This is not a case where there are complex issues of law that require consideration of the interplay between bankruptcy and state-law issues.  Furthermore, because Plaintiff's causes of action are non-core, the bankruptcy court may not enter a final judgment.  As a result, given the circumstances of this case, this action would inevitably return to this Court.

In sum, the factors favor withdrawal of the reference.  *See Sec. Farms*, 124 F.3d at 1008. Thus, the Court exercises its discretions to withdraw the reference.

## III.    CONCLUSION & ORDERS

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to withdraw the reference.  Defendant shall answer or otherwise respond to Plaintiff's SAC by **April 9, 2012**.

**IT IS SO ORDERED.**

DATED: March 20, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

11cv1401